IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW D., | |
| Claimant, | |
| v. | No. 20 C 6091 |
| KILOLO KIJAKAZI, | Magistrate Judge Jeffrey T. Gilbert |
| Acting Commissioner of Social Security, | |
| Respondent. | |

**MEMORANDUM OPINION AND ORDER**

Andrew D.[1] ("Claimant") seeks review of the final decision of Kilolo Kijakazi,[2] Acting Commissioner of the Social Security Administration ("Commissioner"), denying his application for disability benefits under the Social Security Act. Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties consented to the exercise of jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 5]. This Court, therefore, has jurisdiction pursuant to 42 U.S.C. § 405(g). Claimant filed his Brief in Support of his Motion for Summary Judgment [ECF No. 18]. The Commissioner filed a response brief [ECF No. 23], and Claimant filed a reply brief [ECF No. 24]. This matter is fully briefed and ripe for

---

[1] Pursuant to Northern District of Illinois Local Rule 8.1 and Internal Operating Procedure 22, the Court will identify the non-government party by using her first name and the first initial of the last name.

[2] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court has substituted Acting Commissioner Kijakazi as the named defendant.

decision. For the reasons discussed below, Claimant's Brief in Support of his Motion for Summary Judgment [ECF No. 18] is granted, and this case is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

## PROCEDURAL HISTORY

On April 6, 2017, Claimant protectively filed an application for a period of disability and disability benefits, alleging a disability beginning on April 25, 2016. (R.17). His application was denied initially on August 29, 2017, and again on reconsideration on January 16, 2018, after which Claimant requested a hearing before an administrative law judge ("ALJ"). (R.17). On July 10, 2019, Claimant appeared and testified at a hearing before ALJ Jessica Inouye. (R.17). At the hearing, Claimant was represented by counsel. (R.17). During the hearing, the ALJ also heard testimony from a vocational expert. (R.17).

On September 18, 2019, the ALJ issued her decision denying Claimant's application for disability benefits. (R.17-25). The ALJ followed the five-step evaluation process required by the Social Security Regulations to determine if an individual is disabled. *See* 20 C.F.R. § 416.920(a). At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since April 25, 2016, the alleged onset date of disability. (R.19). At step two, the ALJ found that Claimant had the following severe impairments: coronary artery disease, hypertension, and hyperlipidemia. (R.19).

At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526). (R.20). Before proceeding from step three to step four, an ALJ assessed Claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1567(a). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008). Here, the ALJ concluded that Claimant had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except he "can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He can engage in overhead reaching bilaterally on an occasional basis. He can occasionally push/pull bilaterally. He can work in an indoor, temperature controlled environment but should not work in extremes of heat, wetness, and humidity (which are not commonly found indoor areas but are present in some, such as in meatpacking)." (R.20).

At step four, the ALJ determined that Claimant is capable of performing his past relevant work as a telecommunications specialist because "[t]his work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 4-4.1565)." (R.24). Because the ALJ determined that Claimant could perform his past relevant work, there was no need to consider step five. For all of these reasons, the ALJ found Claimant has not been under a disability, as defined in the Social Security Act, since April 6, 2017, the date he filed

3

his application. (R.25). The Appeals Council declined to review the matter on August 17, 2020, making the ALJ's decision the final decision of the Commissioner. (R.5-10). Therefore, this Court now has jurisdiction to review this matter. 42 U.S.C. § 405(g); *Smith v. Berryhill,* 139 S. Ct. 1765, 1775 (2019); *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## STANDARD OF REVIEW

When a claimant files an application for disability benefits, he bears the burden under the Social Security Act to bring forth evidence that proves his impairments are so severe that they prevent the performance of any substantial gainful activity. 42 U.S.C. § 423(d)(5)(A); *Bowen v. Yuckert*, 482 U.S. 137, 147-48 (1987) (citing 42 U.S.C. § 423(d)(1)(A)). A five-step inquiry controls whether an individual is eligible for disability benefits under the Social Security Act, which the Seventh Circuit has summarized as follows:

> The ALJ must consider whether: (1) the claimant is presently employed; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy.

*Butler v. Kijakazi,* 4 F.4th 498, 501 (7th Cir. 2021) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351-52 (7th Cir. 2005); 20 C.F.R. § 416.920)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Gedatus v. Saul,* 994 F.3d 893, 898 (7th Cir. 2021); *Wilder v. Kijakazi,* 22 F.4th 644 (7th Cir. 2022).

4

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). Judicial review is limited to determining whether an ALJ's decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standard in reaching her decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotations omitted); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Biestek*, 139 S.Ct. at 1154; *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even when there is adequate evidence in the record to support the decision, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008) (internal quotations omitted). In other words, if the ALJ's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008) (internal quotations omitted).

The reviewing court may not, however, "displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## ANALYSIS

Claimant asserts three arguments challenging the ALJ's decision: (1) the ALJ erred in declining to adopt the limitations set forth by his treating physicians; (2) the ALJ failed to adequately evaluate Claimant's symptoms and hearing testimony; and (3) the ALJ erred in evaluating Claimant's RFC in accordance with SSR 96-8p. The Court agrees with Claimant that this case requires remand.

At the outset of the RFC discussion, the ALJ stated: "While the claimant has some limitation from his physical impairments, the objective evidence shows his limitations are not as severe or persistent as alleged." (R.21). The ALJ then proceeded to summarize Claimant's treatment history and the medical opinion evidence. (R.21-22). In the Court's view, however, the ALJ does not provide a sufficient narrative or explanation why she concluded "the objective evidence shows his limitations are not as severe or persistent as alleged" (R.21) and does not build a logical bridge from the evidence to her conclusion.

An ALJ's analysis of a claimant's RFC "must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations." *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021). An ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence, but she must build a logical bridge from the evidence to his conclusion. *Minnick v. Colvin*,

6

775 F.3d 929, 935 (7th Cir. 2015). It is well-settled law that mere boilerplate statements and conclusions cannot support an ALJ's decision, and an ALJ must set forth "specific reasons" for discounting subjective reports of symptoms. *Myles v. Astrue*, 582 F.3d 672, 676 (7th Cir. 2009) (citing *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009)); *Steele v. Barnhart,* 290 F.3d 936, 941-42 (7th Cir. 2002).

At the hearing, Claimant testified that he experienced pain in the right side of his chest, shortness of breath episodes and periods of dizziness. (R.39). He testified at times he had to leave work early or needed unscheduled breaks to leave his workstation, lay down, and take medication when he experienced chest pain. (R.39). Claimant testified that he was using nitro patches and taking periods of leave from work through the Family Medical Leave Act before he was laid off from work in April 2015 due to his condition. (R.39-41); *see* Claimant's Brief [ECF No. 18], at 3 n.1 ("Nitroglycerin transdermal patches are used to prevent episodes of angina (chest pain) in people who have coronary artery disease (narrowing of the blood vessels that supply blood to the heart.") (citation omitted). After 2016, Claimant testified that most of his time was spent lying in bed (R.45) and that his wife performed most of the household chores (R.48).

It is well-settled that an ALJ cannot cherry pick which evidence to evaluate and disregard other critical and relevant evidence. *Scrogham v. Colvin,* 765 F.3d 685, 696-99 (7th Cir. 2014). The ALJ did not sufficiently discuss how the record evidence undermined Claimant's credibility nor did she adequately explain which allegations were not supported by the medical evidence. The ALJ simply recited Claimant's

7

medical history and then concluded: "Based on largely normal results, with a quick recovery from his October 2018 cardiac event, the claimant's alleged limitations are not entirely consistent with the objective medical evidence. Any remaining limitations were sufficiently accounted for by limiting him to sedentary work with postural and environmental restrictions with overhead reaching and push/pull limitations." (R.23).

It is unclear to the Court which of Claimant's records the ALJ deemed "largely normal results" and which "limitations were sufficiently accounted" for in the RFC when there are some limitations that were not included. The ALJ noted that Claimant could not perform household chores, could not stand more than 15 minutes, and would not be able to lift more than 5 pounds (R.21), but she did not discuss his testimony that he had frequent episodes of chest pain throughout the day and that he spent most of his days lying in bed, which, in the Court's view, would be inconsistent with an ability to engage in substantial gainful employment. (R.45). Also absent from consideration is Claimant's longstanding and consistent work history at his employer, which is detailed in the earnings record and work history report. (R.213-16, 246); *see Cullinan v. Berryhill*, 878 F.3d 598, 604 (7th Cir. 2017) ("A positive work history makes a claimant more credible.").

The Court cannot assume or speculate what the ALJ was thinking. The ALJ must provide a sufficient explanation as to what evidence she considered, how she weighed that evidence and why she made the findings she made. In the Court's view, the ALJ did not provide sufficient explanation of what evidence supports the RFC

8

finding and why certain limitation were included and other were not, particularly in light of Claimant's hearing testimony, most of which the ALJ did not discuss. Therefore, remand is required.

As to Claimant's treating physicians, the Court also finds that the ALJ's explanation about her evaluation of the opinions of Claimant's treating physicians is deficient. Although an ALJ is no longer required to assign controlling weight to the opinion of a treating physician, an ALJ still should properly consider the consistency of the opinion with the record as well as the nature and extent of the treatment relationship. 20 C.F.R § 1520c. In this case in a rather perfunctory manner, the ALJ found the opinions of Claimant's treating physicians unpersuasive because they did not include "objective clinical findings for support" (R.23) and "were generally inconsistent with other evidence" (R.23-24), notwithstanding that the opinions were largely consistent with each other.

The ALJ acknowledged Claimant's difficulties with chest pain as a basis for reducing his exertional level from light to sedentary (R.23), but disregarded both treating physicians' opinions that Claimant would require unscheduled work breaks. (R.602,636). Consistent with his treating physicians' opinions, Claimant explicitly discussed his dizzy spells and chest pain episodes during his hearing testimony. (R.47-53). The ALJ's RFC analysis did not even mention Claimant's need for unscheduled breaks due to chest pain and dizziness; nor did the ALJ explain how Claimant's episodes of chest pain and the need for breaks were inconsistent with the record or why they were not included in the RFC.

9

In the Court's view, the failure to discuss that evidence is problematic because the vocational expert testified that the need for unscheduled breaks would be work preclusive. (R.73). It is relevant to the Court to know what, if any, weight the ALJ gave to that evidence and how the evidence fit her conclusions for sedentary work despite Claimant's episodes of chest pain and dizziness. It is troubling that the record is silent in that regard. Without a more fulsome discussion, it is impossible to conclude that the ALJ built an accurate and logical bridge from the evidence to her conclusions. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

The Court is mindful of the deference that is owed to an ALJ's decision under the substantial evidence standard and that a reviewing court should not substitute its judgment for that of the ALJ's by reweighing the evidence. Although this standard is generous, it is not entirely uncritical. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). In the Court's view, the ALJ's explanation for the weight given to the opinions of Claimant's treating physicians is deficient, and she erred in failing to address Claimant's hearing testimony about his dizzy spells, chest pain episodes, and need for unscheduled breaks. Therefore, this case must be remanded for further explanation.

## CONCLUSION

For the reasons discussed above, Claimant's Brief in Support of his Motion for Summary Judgment [ECF No. 18] is granted. This case is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

                                   _____
                                   Jeffrey T. Gilbert
                                   United States Magistrate Judge

Dated: March 29, 2023